IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 4, 2024

**STATE OF TENNESSEE v. DANNY ROYCE MURPHY**

**Appeal from the Circuit Court for Madison County**
**No. 22-72     Kyle C. Atkins, Judge**
_____

**No. W2023-01332-CCA-R3-CD**
_____


Danny Royce Murphy, Defendant, was convicted of driving with a canceled, suspended, or revoked license and driving without evidence of financial responsibility after representing himself at trial. The trial court ordered a six-month sentence, with 30 days to serve and the remainder on Community Corrections. Defendant filed several post-trial motions, including a motion for new trial. The trial court denied the motions and this appeal ensued. On appeal, Defendant challenges the sufficiency of the evidence. After a review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which J. ROSS DYER and KYLE A. HIXSON, JJ., joined.

Danny Royce Murphy, Jackson, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Rinard, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Katie Ferguson, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

Defendant was indicted by the Madison County Grand Jury for one count of driving while his privilege was canceled, suspended, or revoked, and one count of driving without evidence of financial responsibility. Defendant waived his right to counsel and chose to proceed pro se, filing several pretrial motions. One of the motions was a motion to dismiss "for defects in the institution of the prosecution" in which he argued that his driving record was invalid because he never applied for a driver's license. Defendant also argued that the process for creating a driving record was "irregular" and violated due process. Defendant

insisted that the case should be dismissed because the complaint and indictment were not valid and complained that there was no arrest warrant in the record.

At a pretrial hearing, after hearing arguments from both sides, the trial court denied the motions. The trial court found the indictment "proper" and commented that there was no case law to support Defendant's allegations about his driving record and that this was an issue the jury should decide at trial.

In a motion to "Take Judicial Notice of Facts," Defendant requested that the trial court take judicial notice of his "change of citizenship status from citizen of the United States . . . to repatriate to the organic Citizenship for Tennessee." To this motion Defendant attached an affidavit in which he declared his "intention to be a national but not a citizen of the United States." The trial court denied the motion, finding that Defendant's citizenship status was "an issue for the trier of fact."

At trial, the State relied on the testimony of Will Stewart, an officer with the Jackson Police Department. Officer Stewart was on routine patrol with a "rookie" officer he was training on June 25, 2021, when he saw Defendant's grey Malibu parked in Cyprus Grove Park. He was "familiar" with Defendant and his car from previous interactions. Officer Stewart waited by the park entrance and saw Defendant drive out of the park in the grey Malibu after five to ten minutes. Officer Stewart ran Defendant's information through the police system, confirmed that his license was "still suspended," and instructed his partner to "initiate the traffic stop." The officers pulled Defendant over at the intersection of the 45 Bypass and Airways, public roads in Madison County.

Defendant informed officers that he was "traveling, not driving." Officer Stewart was not surprised by Defendant's comments, knowing that Defendant "espoused a sovereign-type ideology that he has a right to travel because he's a free and sovereign citizen." Officer Stewart explained to Defendant if he was "operating a vehicle" he was "driving it" and that was not legal "without the privilege of the driver's license." When asked for identification, Defendant refused to provide it, proclaiming that he could "travel freely throughout the country and that he doesn't need a license." Defendant also failed to provide insurance and registration. Officer Stewart arrested Defendant and placed him in the back of the patrol car.

Felicia Gill, a branch manager at the Drivers' Services Division of the Tennessee Department of Safety and Homeland Security, testified that she was familiar with the process of canceling, suspending, and revoking Tennessee driver's licenses. When she reviewed Defendant's motor vehicle record, it showed that he had "no driver's license." Defendant's driving privileges had been "[s]uspended" since September 2012 for "[f]ailure to file insurance." Ms. Gill testified that Defendant failed to provide insurance in

Tennessee on three prior occasions. She also testified that the physical description section of Defendant's record was blank because Defendant had "not applied for a license." Ms. Gill explained that it is a "privilege to have a driver's license. It's a privilege to drive on the roads of Tennessee . . . [a]nd if you do not have what you need in order to drive, then your privilege to drive [is] suspended." Ms. Gill explained that there were multiple methods to submit proof of insurance to comply with the state requirements and detailed the procedure for notifying individuals about license suspension. Ms. Gill admitted that Defendant's address was listed as Texas.

Defendant did not put on any proof. The jury found Defendant guilty as charged. After the trial, Defendant moved to dismiss the case based on an invalid indictment. Defendant argued that he was arrested without a warrant, so anything subsequent was "invalid," including the "supposed conviction." The trial court found that Defendant was arrested on a valid citation, the matter was bound over to the Grand Jury, and the Grand Jury returned a valid indictment. The trial court denied the motion. The trial court sentenced Defendant to six months, ordering Defendant to serve 30 days before release on Community Corrections for the balance of the sentence. Defendant appealed.

*Analysis*

On appeal, Defendant raises a variety of complaints about his conviction for driving with a suspended license.[1] Defendant argues that "[a]lmost every aspect of this case is corrupted by void acts of the [State]" including the "creation" of a motor vehicle record and suspension he argues are void because the State has a "lack of authority to create and keep such a record." Defendant also challenges his arrest without a warrant or affidavit of complaint and argues that as an "organic citizen of Tennessee," he was not "made a subject of Chapter 50 of Title 55 of the Tennessee Code." The State responds that Defendant's arguments merely challenge the sufficiency of the evidence to support the conviction and that the evidence was sufficient to support the conviction for driving with a suspended license.

When examining whether the evidence presented at trial was sufficient to support a conviction, several well-settled principles guide our analysis. We determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). A guilty verdict removes the presumption of innocence and replaces it with

---

[1] Defendant does not appear to challenge his conviction for failure to provide financial responsibility. Therefore, we will not address this conviction on appeal. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The defendant bears the burden on appeal to demonstrate that the evidence is insufficient to support his conviction. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

"[A] jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The State is entitled on appeal to "the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom." *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Questions as to the credibility of witnesses and the weight of the evidence, as well as factual issues raised by such evidence, are resolved by the trier of fact, not this Court. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). These principles guide us "'whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Defendant was convicted of a violation of Tennessee Code Annotated section 55-50-504(a)(1), which makes it an offense for an individual to drive on a public road when his or her "privilege to do so is canceled, suspended, or revoked." According to statute, "suspension of [a] driver license" means the "temporary withdrawal by formal action of the department [of safety] of a person's driver license *or privilege* to operate a motor vehicle on the public highways[.]" T.C.A. § 55-50-102(55) (emphasis added).

The proof at trial, viewed in a light most favorable to the State, indicated that Officer Stewart recognized Defendant and his car from prior interactions. After Officer Stewart observed Defendant driving the car on public roadways, he confirmed that Defendant's *privilege to drive* was suspended. Defendant's certified driving record confirmed that his driving privileges were suspended in 2012 for failure to file proof of insurance. As of the date of his arrest, they had not been reinstated. Defendant's driving his car coupled with his certified driving record showing that his driving privileges were suspended were sufficient to support the conviction. *See State v. Beets*, No. E2021-00773-CCA-R3-CD, 2022 WL3592681, at *4 (Tenn. Crim. App. Aug. 23, 2022), *no perm. app. filed* (concluding that a conviction for driving with suspended privileges can be supported by a certified copy of the defendant's driving record).

Defendant's arguments that his conviction is invalid because he never applied for a license, his driving record was invalid, and that he was not a United States citizen are

unavailing. The Tennessee legislature has the authority to "prescribe conditions" on the "privilege" of operating motor vehicles in this state. *State v. Booher*, 978 S.W.2d 953, 956 (Tenn. Crim. App. 1997). Moreover, regardless of whether Defendant had ever applied for or possessed a Tennessee driver's license, his privilege to drive was suspended. *See* T.C.A. § 55-50-504(a)(1). The "ability to drive a motor vehicle on a public highway" is a revocable "privilege." *State v. Thompson*, 88 S.W.3d 611, 615 (Tenn. Crim. App. 2000). Lastly, we fail to see how Defendant's claim that he is an "organic citizen of Tennessee" changes anything about the sufficiency of the evidence. The statute he was convicted of violating applies to any "person" with no mention or requirement about citizenship status. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE